CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 9 2014

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABDUL-MU'MIN, <br> a.k.a. TRAVIS JACKSON MARRON, | ) <br> ) CASE NO. 7:13CV00588 <br> ) |
| Plaintiff, | ) <br> ) MEMORANDUM OPINION |
| v. | ) <br> ) |
| KINCAID, et al., | ) By: Glen E. Conrad <br> ) Chief United States District Judge |
| Defendant(s). | ) |

Abdul-Mu'min, a.k.a. Travis Jackson Marron ("Mu'min"), a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that various prison officials at Augusta Correctional Center ("Augusta") brought a false disciplinary charge against him, for which they convicted and penalized him, in retaliation for his filing a prior civil action. Mu'min also seeks to amend the original complaint to bring additional claims that other officials retaliated against him by interfering with his use of the administrative remedy procedures and by confiscating his personal property. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Although Mu'min's complaint itself makes no clear statement of the facts, his submissions as a whole indicate the following sequence of events on which he brings his claims. On November 16, 2013, Mu'min told Officer Thompson that he would not be going to his prison job that day because he was having headaches and "a mental breakdown" and was going back to

---

[1] Mu'min cites to contract law, corporate law, and various statutes and treaties in his pleadings. His submissions, however, do not demonstrate that the facts stated support any actionable claim under these legal concepts for relief under § 1983. Therefore, without further discussion, the court will dismiss without prejudice as frivolous any such claims, pursuant to 28 U.S.C. § 1915A(b)(1).

bed. Thompson told Mu'min that these problems did not excuse him from working as required by policy and if Mu'min did not get up and go to work, he would receive a disciplinary charge. Mu'min did not go to work. D. A. Kincaid, Thompson's supervisor, then brought a charge against Mu'min for refusing to work. Mu'min refused the penalty offer, by which he could have pleaded guilty to the charge in exchange for a fine.

At the disciplinary hearing, Mu'min claimed that he was physically and mentally unable to work, so he should not have been charged with refusing to work. Officer Hostetter found Mu'min guilty, stating that Mu'min did not obtain a medical or mental health excuse for his absence from work. A hearing officer may offer an Informal Resolution of a disciplinary charge when the offender has been charge free. Although Mu'min met this criteria, Hostetter did not find it appropriate to grant an informal resolution, because Mu'min had not contacted medical staff for an excuse for missing work. Hostetter penalized Mu'min with 20 days loss of commissary privileges. The conviction and penalty were upheld on appeal.

Mu'min's amended claim rests on the following facts. Mu'min asserts that his Muslim religious beliefs require him to hem his pant legs just above his ankles. While housed in another prison facility, Mu'min obtained permission to have his jeans and sweatpants hemmed in this fashion. When Mu'min arrived at Augusta, however, he did not present officials with documentation showing that these alterations had been approved. During an institutional search for contraband, Sgt. Shire took Mu'min's hemmed jeans, stating that he had been instructed to confiscate all jeans that were hemmed. After the confiscation, Mu'min discovered that other inmates with hemmed or cutoff jeans did not have their pants confiscated. When Mu'min filed informal complaints and a grievance about the incident, officials rejected these documents because Mu'min had included more than one issue, in violation of procedure. Even after

Mu'min completed the final level of appeal under the remedies procedure, officials upheld the confiscation of his jeans.

Mu'min's complaint and amended complaint assert that the disciplinary charge, the refusal of the informal resolution, the conviction and penalty, his termination from his job, denial of access to the law library as often as he desired, the confiscation of his jeans, and officials' refusal to investigate any of these problems all occurred in retaliation for Mu'min's pursuit of Mu'min v. Miller, Case No. 7:13CV00338. In that case, Mu'min sued Officers Miller and Flavin for refusing to recognize his religious name. In the instant action, Mu'min seeks monetary damages, a transfer to another prison, and termination of all defendants from their jobs.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates do not have a constitutionally protected right to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because "there is no constitutional right to participate in grievance proceedings," id., Mu'min's allegations that some of the defendants offered bogus responses to his informal complaints and grievances or did not

reverse grievance findings on appeal do not state constitutional claims actionable under § 1983. Therefore, the court dismisses such claims under § 1915A(b)(1) as legally frivolous.

To state a colorable § 1983 claim of retaliation, the plaintiff inmate must allege facts supporting a reasonable inference that each defendant took the alleged retaliatory action because of plaintiff's exercise of some constitutionally protected right. Adams, 40 F.3d at 75. The Fourth Circuit has held that a prisoner's use of grievance procedures is not a protected First Amendment right. See Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011). Moreover, bare assertions of retaliation, without supporting facts, do not establish a claim of constitutional dimension. Id. at 74-75. In addition, plaintiff must state facts showing that the conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). It is insufficient to show that a defendant's conduct caused mere inconveniences or reduced privileges. Id. at 786 n. 6.

Mu'min does not state any facts to support a reasonable inference that the defendants took any of the challenged actions to retaliate against him for pursing his other pending lawsuit about his religious name. Mu'min admits that he did not go to work as ordered, and he offers no evidence that he had obtained an appropriate written excuse from the medical or mental health staff. His submissions indicate that he lost his prison job because he did not regularly attend, and that his limited access to the law library occurred because he violated prison procedures by doing legal work for another inmate. Mu'min's allegations also reflect that he did not present Sgt. Shires with any evidence that his hemmed jeans had been approved at another prison. Clearly, the defendants had legitimate reasons to take the actions that Mu'min challenges. Moreover, Mu'min alleges no facts linking defendants' actions to his prior lawsuit. His conclusory assertions that defendants took the challenged actions to retaliate against him have no factual

support and state no plausible claim actionable under § 1983. The court summarily dismisses without prejudice Williams' retaliation claims under § 1915A(b)(1) as frivolous. All pending motions will be dismissed as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of February, 2014.

/s/ Jon Conrad
Chief United States District Judge