CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

MAR 17 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL MU'MIN, a.k.a.<br>TRAVIS JACKSON MARRON, | ) <br> ) | CASE NO. 7:13CV00588 |
| Plaintiff, | ) <br> ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) <br> ) | |
| K. L. SIMMONS, ET AL., | ) <br> ) | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendant(s). | ) | |

By opinion and order entered February 19, 2014, the court summarily dismissed this prisoner civil rights action under 28 U.S.C. § 1915A(b)(1) upon finding that plaintiff failed to allege facts supporting his asserted claims of retaliation under 42 U.S.C. § 1983. Plaintiff now contends that the court erred in various respects in dismissing his case, that he had attempted to raise other claims, and that the action must be reinstated.[1] Finding no grounds for such relief, the court will deny his motion.

Because plaintiff filed his motion within 30 days of the dismissal order, the court construes his submission as a motion for relief from judgment under Rule 59(e). Relief under this rule is an extraordinary remedy and may be granted in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff does not present any intervening change of law, presents no new evidence unavailable to him at the time of his earlier submissions, and fails to demonstrate that the court erred in finding inadequate factual matter in the complaint as amended to state any actionable claim of retaliation under § 1983. Moreover,

---

[1] Plaintiff has also filed a notice of appeal which has been forward to the United States Court of Appeals for the Fourth Circuit in the usual manner.

the action was dismissed without prejudice. Thus, if plaintiff believes that prison officials have violated his constitutional rights, he may file a new civil action, by submitting a proper § 1983 complaint that makes a clear statement of each of his claims and the facts in support. See Fed. R. Civ. P. Rules 8, 10, 18 & 20.

For the stated reasons, the court will deny plaintiff's motion (ECF No. 20). An appropriate order will enter this day. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 17th day of March, 2014.

Chief United States District Judge